## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| INNOVATIVE DISPLAY TECHNOLOGIES LLC AND DELAWARE DISPLAY GROUP LLC | § § § § § | C.A. No. _____ |
| Plaintiffs, | § § | JURY TRIAL DEMANDED |
| v. | § § | |
| T-MOBILE US, INC. and T-MOBILE USA, INC., | § § § | |
| Defendants. | § § | |

## PLAINTIFFS' COMPLAINT

Innovative Display Technologies LLC and Delaware Display Group LLC (collectively, "Plaintiffs") by and through their undersigned counsel, file this Complaint against T-Mobile US, Inc. and T-Mobile USA, Inc. (collectively "T-Mobile").

## THE PARTIES

1.      Innovative Display Technologies LLC ("IDT") is a Texas limited liability company with its principal place of business located at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093.

2.      Delaware Display Group LLC ("DDG") is a Delaware limited liability company with its principal place of business located at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093.

3.      On information and belief, T-Mobile US, Inc. is a Delaware corporation with its principal place of business at 12920 SE 38th Street, Bellevue, Washington 98006. This Defendant may be served with process through its agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

1

4.      On information and belief, T-Mobile USA, Inc. is a Delaware corporation with a principal place of business at 12920 SE 38th Street, Bellevue, Washington 98006. This Defendant may be served with process through its agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

5.      Upon information and belief, T-Mobile has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of Texas.

**JURISDICTION AND VENUE**

6.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

7.      As further detailed herein, this Court has personal jurisdiction over T-Mobile. T-Mobile is amenable to service of summons for this action. Furthermore, personal jurisdiction over T-Mobile in this action comports with due process. T-Mobile has conducted and regularly conducts business within the United States, this State, and this District. T-Mobile maintains stores in at least fourteen (14) locations in this District. T-Mobile has purposefully availed itself of the privileges of conducting business in the United States, and more specifically in Texas and this District. T-Mobile has sought protection and benefit from the laws of the State of Texas by maintaining stores in this District and by placing infringing products into the stream of commerce through an established distribution channel with the awareness and/or intent that they will be purchased by consumers in this District.

8.      T-Mobile – directly or through intermediaries (including distributors, retailers, and others), subsidiaries, alter egos, and/or agents – ships, distributes, offers for sale, and/or sells its products in the United States and this District. T-Mobile has purposefully and voluntarily placed

2

one or more of its infringing products, as described below, into the stream of commerce with the awareness and/or intent that they will be purchased by consumers in this District. T-Mobile knowingly and purposefully ships infringing products into this District through an established distribution channel. These infringing products have been and continue to be purchased by consumers in this District. Upon information and belief, through those activities, T-Mobile has committed the tort of patent infringement in this District and/or has induced others to commit patent infringement in this District. Plaintiff's cause of action for patent infringement arises directly from T-Mobile's activities in this District.

9.       Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c), and (d), as well as 28 U.S.C. § 1400(b). One or more of IDT's witnesses reside in this District. T-Mobile is subject to personal jurisdiction in this District, and therefore is deemed to reside in this District for purposes of venue, and, upon information and belief, T-Mobile has committed acts within this judicial District giving rise to this action and does business in this District, including but not limited to making sales in this District, providing service and support to their respective customers in this District, and/or operating an interactive website that is available to persons in this District, which website advertises, markets, and/or offers for sale infringing products.

## BACKGROUND

**A.       The Patents-In-Suit.**

10.       U.S. Patent No. 6,755,547 titled "Light Emitting Panel Assemblies" ("the '547 patent") was duly and legally issued by the U.S. Patent and Trademark Office on June 29, 2004, after full and fair examination. Jeffery R. Parker is the sole inventor listed on the '547 patent.

11.       U.S. Patent No. 7,300,194 titled "Light Emitting Panel Assemblies" ("the '194 patent") was duly and legally issued by the U.S. Patent and Trademark Office on November 27, 2007, after full and fair examination. Jeffery R. Parker is the sole inventor listed on the '194 patent.

12.     U.S. Patent No. 7,384,177 titled "Light Emitting Panel Assemblies" ("the '177 patent") was duly and legally issued by the U.S. Patent and Trademark Office on June 10, 2008, after full and fair examination. Jeffery R. Parker is the sole inventor listed on the '177 patent.

13.     U.S. Patent No. 7,404,660 titled "Light Emitting Panel Assemblies" ("the '660 patent") was duly and legally issued by the U.S. Patent and Trademark Office on July 29, 2008, after full and fair examination. Jeffery R. Parker is the sole inventor listed on the '660 patent.

14.     U.S. Patent No. 7,434,974 titled "Light Emitting Panel Assemblies" ("the '974 patent") was duly and legally issued by the U.S. Patent and Trademark Office on October 14, 2008, after full and fair examination. Jeffery R. Parker is the sole inventor listed on the '974 patent.

15.     U.S. Patent No. 7,914,196 titled "Light Redirecting Film Systems Having Pattern of Variable Optical Elements" ("the '196 patent") was duly and legally issued by the U.S. Patent and Trademark Office on March 29, 2011, after full and fair examination. Jeffery R. Parker, Timothy A. McCollum, and Robert M. Ezell are the inventors listed on the '196 patent.

16.     U.S. Patent No. 8,215,816 titled "Light Emitting Panel Assemblies" ("the '816 patent") was duly and legally issued by the U.S. Patent and Trademark Office on July 10, 2012, after full and fair examination. Jeffery R. Parker is the sole inventor listed on the '816 patent.

17.     The '196 patent is referred to as the "DDG patent."

18.     The '547 patent, the '194 patent, the '177 patent, the '660 patent, the '974 patent, and the '816 patent are collectively referred to as the "IDT patents."  Together, the "DDG patent" and the "IDT patents" are the "patents-in-suit."

19.     On June 26, 2013, IDT was assigned all of the right, title, and interest in the IDT patents, including the exclusive right to sue and collect for its own use and benefit all claims for damages by reason of past infringement or use of the IDT patents.

20. On December 20, 2013, DDG was assigned all of the right, title, and interest in the DDG patent, including the exclusive right to sue and collect for its own use and benefit all claims for damages by reason of past infringement or use of the DDG patent.

21. The patents-in-suit all share the same ultimate parent patent, U.S. Patent No. 5,613,751. The patents-in-suit share inventors, subject matter, and claim terms. The accused products infringe the patents-in-suit based on the use of the same technology, *e.g.*, backlights for LCDs. And IDT and DDG share a common corporate parent.

**B.      T-Mobile's Infringing Conduct.**

22. Upon information and belief, T-Mobile offers to sell and/or sells within, and/or imports into the United States display products that use the fundamental technologies covered by the patents-in-suit. Upon information and belief, the infringing display products include, but are not limited to mobile phones and tablets with an LCD.

23. By incorporating the fundamental inventions covered by the patents-in-suit, T-Mobile can sell improved products, including but not limited to, products with longer displays, thinner displays, and/or displays with a higher light output, a more uniform light output, a lower power requirement, and/or a longer battery life.

24. Upon information and belief, third-party distributors purchase and have purchased T-Mobile's infringing display products for sale or importation into the United States, including in this District.

25. Upon information and belief, T-Mobile has purchased infringing display products that are made, used, offered for sale, sold within, and/or imported into the United States, including in this District by third party manufacturers, distributors, and/or importers. Upon information and belief, third-party consumers use and have used infringing display products sold by T-Mobile in the United States, including in this District.

26.     Certain infringing display products sold, offered for sale, and/or imported by T-Mobile are manufactured by Samsung Electronics Co., Ltd. and/or its subsidiaries ("Samsung Manufactured Products"). For only the Samsung Manufactured Products, IDT limits the infringement allegations in this complaint solely to units of those display products that were manufactured after March 2, 2014. For all other display products sold, offered for sale, or imported by T-Mobile, IDT maintains the infringement allegations in this complaint for the entire pre- and post-lawsuit damages period available under law.

## COUNT I

## Patent Infringement of U.S. Patent No. 6,755,547

27.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1-26 as though fully set forth herein.

28.     The '547 patent is valid and enforceable.

29.     T-Mobile has never been licensed, either expressly or impliedly, under the '547 patent.

30.     Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, IDT has complied with the requirements of that statute by providing actual or constructive notice to T-Mobile of its alleged infringement. Upon information and belief, IDT surmises that any express licensees of the '547 patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '547 patent on all goods made, offered for sale, sold within, and/or imported into the United States that embody one or more claims of that patent.

31.     Upon information and belief, T-Mobile has been and is directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), the '547 patent by offering

to sell and/or selling to third-party distributors and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display products that include all of the limitations of one or more claims of the '547 patent, including but not limited to mobile phones and tablets with an LCD (*e.g.*, Samsung Galaxy Exhibit and Samsung Galaxy Light), their display components, and/or other products sold, offered for sale, or imported by T-Mobile that include all of the limitations of one or more claims of the '547 patent.

32.    Upon information and belief, distributors and consumers that purchase T-Mobile's display products that include all of the limitations of one or more claims of the '547 patent, including but not limited to mobile phones and tablets with an LCD (*e.g.*, Samsung Galaxy Exhibit and Samsung Galaxy Light), also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '547 patent by using, offering to sell, and/or selling to third-party distributors or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, those infringing display products.

33.    Upon information and belief, the third-party manufacturers, distributors, and importers that sell display products to T-Mobile that include all of the limitations of one or more claims of the '547 patent, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '547 patent by making, offering to sell, and/or selling (directly or through intermediaries and/or subsidiaries) infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

34.     Upon information and belief, T-Mobile had knowledge of the '547 patent and its infringing conduct at least since filing of this action when it was formally placed on notice of its infringement.

35.     Upon information and belief, since at least the above-mentioned date of notice, T-Mobile has actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers that purchase or sell display products that include all of the limitations of one or more claims of the '547 patent, including but not limited to mobile phones and tablets with an LCD (*e.g.*, Samsung Galaxy Exhibit and Samsung Galaxy Light), to directly infringe one or more claims of the '547 patent. Since at least the notice provided on the above-mentioned date, T-Mobile does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '547 patent.

36.     Upon information and belief, T-Mobile intends to cause, and has taken affirmative steps to induce, infringement by these third-party manufacturers, distributors, importers, and/or consumers by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

37.     As a direct and proximate result of these acts of patent infringement, T-Mobile has encroached on the exclusive rights of IDT and its licensees to practice the '547 patent, for which IDT is entitled to at least a reasonable royalty.

## COUNT II

### Patent Infringement of U.S. Patent No. 7,300,194

38.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1-37 as though fully set forth herein

39.     The '194 patent is valid and enforceable.

40.     T-Mobile has never been licensed, either expressly or impliedly, under the '194 patent.

41.     Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, IDT has complied with the requirements of that statute by providing actual or constructive notice to T-Mobile of its alleged infringement. Upon information and belief, IDT surmises that any express licensees of the '194 patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '194 patent on all goods made, offered for sale, sold within, and/or imported into the United States that embody one or more claims of that patent.

42.     Upon information and belief, T-Mobile has been and is directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), the '194 patent by offering to sell and/or selling to third-party distributors and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display products that include all of the limitations of one or more claims of the '194 patent, including but not limited to mobile phones and tablets with an LCD (*e.g.*, Samsung Galaxy Exhibit and Samsung Galaxy Light), their display components, and/or other products sold, offered for sale, or imported by T-Mobile that include all of the limitations of one or more claims of the '194 patent.

43.     Upon information and belief, distributors and consumers that purchase T-Mobile's display products that include all of the limitations of one or more claims of the '194 patent, including but not limited to mobile phones and tablets with an LCD (*e.g.*, Samsung Galaxy Exhibit and Samsung Galaxy Light), also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '194 patent by using, offering to sell, and/or selling to third-party distributors or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, those infringing display products.

44.     Upon information and belief, the third-party manufacturers, distributors, and importers that sell display products to T-Mobile that include all of the limitations of one or more claims of the '194 patent, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '194 patent by making, offering to sell, and/or selling (directly or through intermediaries and/or subsidiaries) infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

45.     Upon information and belief, T-Mobile had knowledge of the '194 patent and its infringing conduct at least since filing of this action when it was formally placed on notice of its infringement.

46.     Upon information and belief, since at least the above-mentioned date of notice, T-Mobile has actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers that purchase or sell display products that include all of the limitations of one or more claims of the '194 patent, including but not limited to mobile phones and tablets with an LCD (*e.g.*, Samsung Galaxy Exhibit and Samsung Galaxy Light), to directly infringe one or more claims of the '194 patent. Since at least the notice provided on the above-mentioned date,

T-Mobile does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '194 patent.

47.    Upon information and belief, T-Mobile intends to cause, and has taken affirmative steps to induce, infringement by these third-party manufacturers, distributors, importers, and/or consumers by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

48.    As a direct and proximate result of these acts of patent infringement, T-Mobile has encroached on the exclusive rights of IDT and its licensees to practice the '194 patent, for which IDT is entitled to at least a reasonable royalty.

## COUNT III

### Patent Infringement of U.S. Patent No. 7,384,177

49.    Plaintiffs repeat and re-allege each and every allegation of paragraphs 1-48 as though fully set forth herein.

50.    The '177 patent is valid and enforceable.

51.    T-Mobile has never been licensed, either expressly or impliedly, under the '177 patent.

52.    Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, IDT has complied with the requirements of that statute by providing actual or constructive notice to T-Mobile of its alleged infringement. Upon information and belief, IDT surmises that any express licensees of the '177 patent have complied with the marking

requirements of 35 U.S.C. § 287 by placing a notice of the '177 patent on all goods made, offered for sale, sold within, and/or imported into the United States that embody one or more claims of that patent.

53.    Upon information and belief, T-Mobile has been and is directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), the '177 patent by offering to sell and/or selling to third-party distributors and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display products that include all of the limitations of one or more claims of the '177 patent, including but not limited to mobile phones and tablets with an LCD (*e.g.*, Samsung Galaxy Exhibit and Samsung Galaxy Light), their display components, and/or other products sold, offered for sale, or imported by T-Mobile that include all of the limitations of one or more claims of the '177 patent.

54.    Upon information and belief, distributors and consumers that purchase T-Mobile's display products that include all of the limitations of one or more claims of the '177 patent, including but not limited to mobile phones and tablets with an LCD (*e.g.*, Samsung Galaxy Exhibit and Samsung Galaxy Light), also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '177 patent by using, offering to sell, and/or selling to third-party distributors or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, those infringing display products.

55.    Upon information and belief, the third-party manufacturers, distributors, and importers that sell display products to T-Mobile that include all of the limitations of one or more

claims of the '177 patent, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '177 patent by making, offering to sell, and/or selling (directly or through intermediaries and/or subsidiaries) infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

56.     Upon information and belief, T-Mobile had knowledge of the '177 patent and its infringing conduct at least since filing of this action when it was formally placed on notice of its infringement.

57.     Upon information and belief, since at least the above-mentioned date of notice, T-Mobile has actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers that purchase or sell display products that include all of the limitations of one or more claims of the '177 patent, including but not limited to mobile phones and tablets with an LCD (*e.g.*, Samsung Galaxy Exhibit and Samsung Galaxy Light), to directly infringe one or more claims of the '177 patent. Since at least the notice provided on the above-mentioned date, T-Mobile does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '177 patent.

58.     Upon information and belief, T-Mobile intends to cause, and has taken affirmative steps to induce, infringement by these third-party manufacturers, distributors, importers, and/or consumers by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

59.     As a direct and proximate result of these acts of patent infringement, T-Mobile has encroached on the exclusive rights of IDT and its licensees to practice the '177 patent, for which IDT is entitled to at least a reasonable royalty.

## COUNT IV

## Patent Infringement of U.S. Patent No. 7,404,660

60.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1-59 as though fully set forth herein.

61.     The '660 patent is valid and enforceable.

62.     T-Mobile has never been licensed, either expressly or impliedly, under the '660 patent.

63.     Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, IDT has complied with the requirements of that statute by providing actual or constructive notice to T-Mobile of its alleged infringement. Upon information and belief, IDT surmises that any express licensees of the '660 patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '660 patent on all goods made, offered for sale, sold within, and/or imported into the United States that embody one or more claims of that patent.

64.     Upon information and belief, T-Mobile has been and is directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), the '660 patent by offering to sell and/or selling to third-party distributors and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display products that include all of the limitations of one or more claims of the '660 patent, including but not limited to mobile phones

and tablets with an LCD (*e.g.*, Samsung Galaxy Exhibit and Samsung Galaxy Light), their display components, and/or other products sold, offered for sale, or imported by T-Mobile that include all of the limitations of one or more claims of the '660 patent.

65.     Upon information and belief, distributors and consumers that purchase T-Mobile's display products that include all of the limitations of one or more claims of the '660 patent, including but not limited to mobile phones and tablets with an LCD (*e.g.*, Samsung Galaxy Exhibit and Samsung Galaxy Light), also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '660 patent by using, offering to sell, and/or selling to third-party distributors or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, those infringing display products.

66.     Upon information and belief, the third-party manufacturers, distributors, and importers that sell display products to T-Mobile that include all of the limitations of one or more claims of the '660 patent, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '660 patent by making, offering to sell, and/or selling (directly or through intermediaries and/or subsidiaries) infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

67.     Upon information and belief, T-Mobile had knowledge of the '660 patent and its infringing conduct at least since filing of this action when it was formally placed on notice of its infringement.

68.     Upon information and belief, since at least the above-mentioned date of notice, T-Mobile has actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers that purchase or sell display products that include all of the limitations

of one or more claims of the '660 patent, including but not limited to mobile phones and tablets with an LCD (*e.g.*, Samsung Galaxy Exhibit and Samsung Galaxy Light), to directly infringe one or more claims of the '660 patent. Since at least the notice provided on the above-mentioned date, T-Mobile does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '660 patent.

69.     Upon information and belief, T-Mobile intends to cause, and has taken affirmative steps to induce, infringement by these third-party manufacturers, distributors, importers, and/or consumers by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

70.     As a direct and proximate result of these acts of patent infringement, T-Mobile has encroached on the exclusive rights of IDT and its licensees to practice the '660 patent, for which IDT is entitled to at least a reasonable royalty.

## COUNT V

## Patent Infringement of U.S. Patent No. 7,434,974

71.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1-70 as though fully set forth herein.

72.     The '974 patent is valid and enforceable.

73.     T-Mobile has never been licensed, either expressly or impliedly, under the '974 patent.

74.     Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, IDT has complied with the requirements of that statute by providing actual or constructive notice to T-Mobile of its alleged infringement. Upon information and belief, IDT surmises that any express licensees of the '974 patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '974 patent on all goods made, offered for sale, sold within, and/or imported into the United States that embody one or more claims of that patent.

75.     Upon information and belief, T-Mobile has been and is directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), the '974 patent by offering to sell and/or selling to third-party distributors and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display products that include all of the limitations of one or more claims of the '974 patent, including but not limited to mobile phones and tablets with an LCD (*e.g.*, Samsung Galaxy Exhibit and Samsung Galaxy Light), their display components, and/or other products sold, offered for sale, or imported by T-Mobile that include all of the limitations of one or more claims of the '974 patent.

76.     Upon information and belief, distributors and consumers that purchase T-Mobile's display products that include all of the limitations of one or more claims of the '974 patent, including but not limited to mobile phones and tablets with an LCD (*e.g.*, Samsung Galaxy Exhibit and Samsung Galaxy Light), also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '974 patent by using, offering to sell, and/or selling to third-party distributors or consumers (directly or through intermediaries and/or subsidiaries) in this

District and elsewhere within the United States and/or importing into the United States, those infringing display products.

77.    Upon information and belief, the third-party manufacturers, distributors, and importers that sell display products to T-Mobile that include all of the limitations of one or more claims of the '974 patent, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '974 patent by making, offering to sell, and/or selling (directly or through intermediaries and/or subsidiaries) infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

78.    Upon information and belief, T-Mobile had knowledge of the '974 patent and its infringing conduct at least since filing of this action when it was formally placed on notice of its infringement.

79.    Upon information and belief, since at least the above-mentioned date of notice, T-Mobile has actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers that purchase or sell display products that include all of the limitations of one or more claims of the '974 patent, including but not limited to mobile phones and tablets with an LCD (*e.g.*, Samsung Galaxy Exhibit and Samsung Galaxy Light), to directly infringe one or more claims of the '974 patent. Since at least the notice provided on the above-mentioned date, T-Mobile does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '974 patent.

80.    Upon information and belief, T-Mobile intends to cause, and has taken affirmative steps to induce, infringement by these third-party manufacturers, distributors, importers, and/or consumers by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established distribution channels for these products into and within the United

States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

81.     As a direct and proximate result of these acts of patent infringement, T-Mobile has encroached on the exclusive rights of IDT and its licensees to practice the '974 patent, for which IDT is entitled to at least a reasonable royalty.

## COUNT VI

## Patent Infringement of U.S. Patent No. 7,914,196

82.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1-81 as though fully set forth herein.

83.     The '196 patent is valid and enforceable.

84.     T-Mobile has never been licensed, either expressly or impliedly, under the '196 patent.

85.     Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, DDG has complied with the requirements of that statute by providing actual or constructive notice to T-Mobile of its alleged infringement. Upon information and belief, DDG surmises that any express licensees of the '196 patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '196 patent on all goods made, offered for sale, sold within, and/or imported into the United States that embody one or more claims of that patent.

86.     Upon information and belief, T-Mobile has been and is directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), the '196 patent by offering

to sell and/or selling to third-party distributors and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display products that include all of the limitations of one or more claims of the '196 patent, including but not limited to mobile phones and tablets with an LCD (*e.g.*, Samsung Galaxy Exhibit and Samsung Galaxy Light), their display components, and/or other products sold, offered for sale, or imported by T-Mobile that include all of the limitations of one or more claims of the '196 patent.

87.     Upon information and belief, distributors and consumers that purchase T-Mobile's display products that include all of the limitations of one or more claims of the '196 patent, including but not limited to mobile phones and tablets with an LCD (*e.g.*, Samsung Galaxy Exhibit and Samsung Galaxy Light), also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '196 patent by using, offering to sell, and/or selling to third-party distributors or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, those infringing display products.

88.     Upon information and belief, the third-party manufacturers, distributors, and importers that sell display products to T-Mobile that include all of the limitations of one or more claims of the '196 patent, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '196 patent by making, offering to sell, and/or selling (directly or through intermediaries and/or subsidiaries) infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

89.     Upon information and belief, T-Mobile had knowledge of the '196 patent and its infringing conduct at least since filing of this action when it was formally placed on notice of its infringement.

90.     Upon information and belief, since at least the above-mentioned date of notice, T-Mobile has actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers that purchase or sell display products that include all of the limitations of one or more claims of the '196 patent, including but not limited to mobile phones and tablets with an LCD (*e.g.*, Samsung Galaxy Exhibit and Samsung Galaxy Light), to directly infringe one or more claims of the '196 patent. Since at least the notice provided on the above-mentioned date, T-Mobile does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '196 patent.

91.     Upon information and belief, T-Mobile intends to cause, and has taken affirmative steps to induce, infringement by these third-party manufacturers, distributors, importers, and/or consumers by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

92.     As a direct and proximate result of these acts of patent infringement, T-Mobile has encroached on the exclusive rights of DDG and its licensees to practice the '196 patent, for which DDG is entitled to at least a reasonable royalty.

## COUNT VII

### Patent Infringement of U.S. Patent No. 8,215,816

93.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1-92 as though fully set forth herein.

94.     The '816 patent is valid and enforceable.

95.     T-Mobile has never been licensed, either expressly or impliedly, under the '816 patent.

96.     Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, IDT has complied with the requirements of that statute by providing actual or constructive notice to T-Mobile of its alleged infringement. Upon information and belief, IDT surmises that any express licensees of the '816 patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '816 patent on all goods made, offered for sale, sold within, and/or imported into the United States that embody one or more claims of that patent.

97.     Upon information and belief, T-Mobile has been and is directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), the '816 patent by offering to sell and/or selling to third-party distributors and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display products that include all of the limitations of one or more claims of the '816 patent, including but not limited to mobile phones and tablets with an LCD (*e.g.*, Samsung Galaxy Exhibit and Samsung Galaxy Light), their display components, and/or other products sold, offered for sale, or imported by T-Mobile that include all of the limitations of one or more claims of the '816 patent.

22

98.     Upon information and belief, distributors and consumers that purchase T-Mobile's display products that include all of the limitations of one or more claims of the '816 patent, including but not limited to mobile phones and tablets with an LCD (*e.g.*, Samsung Galaxy Exhibit and Samsung Galaxy Light), also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '816 patent by using, offering to sell, and/or selling to third-party distributors or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, those infringing display products.

99.     Upon information and belief, the third-party manufacturers, distributors, and importers that sell display products to T-Mobile that include all of the limitations of one or more claims of the '816 patent, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '816 patent by making, offering to sell, and/or selling (directly or through intermediaries and/or subsidiaries) infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

100.    Upon information and belief, T-Mobile had knowledge of the '816 patent and its infringing conduct at least since filing of this action when it was formally placed on notice of its infringement.

101.    Upon information and belief, since at least the above-mentioned date of notice, T-Mobile has actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers that purchase or sell display products that include all of the limitations of one or more claims of the '816 patent, including but not limited to mobile phones and tablets with an LCD (*e.g.*, Samsung Galaxy Exhibit and Samsung Galaxy Light), to directly infringe one or more claims of the '816 patent. Since at least the notice provided on the above-mentioned date,

T-Mobile does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '816 patent.

102.    Upon information and belief, T-Mobile intends to cause, and has taken affirmative steps to induce, infringement by these third-party manufacturers, distributors, importers, and/or consumers by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

103.    As a direct and proximate result of these acts of patent infringement, T-Mobile has encroached on the exclusive rights of IDT and its licensees to practice the '816 patent, for which IDT is entitled to at least a reasonable royalty.

## CONCLUSION

104.    Plaintiffs are entitled to recover from T-Mobile the damages sustained by Plaintiffs as a result of T-Mobile's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court.

105.    Plaintiffs have incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiffs are entitled to recover their reasonable and necessary attorneys' fees, costs, and expenses.

## JURY DEMAND

106.    Plaintiffs hereby request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

107.    Plaintiffs respectfully request that the Court find in their favor and against T-Mobile, and that the Court grant Plaintiffs the following relief:

A.    A judgment that T-Mobile has infringed the patents-in-suit as alleged herein, directly and/or indirectly by way of inducing infringement of such patents;

B.    A judgment for an accounting of all damages sustained by Plaintiffs as a result of the acts of infringement by T-Mobile;

C.    A judgment and order requiring T-Mobile to pay Plaintiffs damages under 35 U.S.C. § 284, and any royalties determined to be appropriate;

D.    A permanent injunction enjoining T-Mobile and its officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents and all others acting in concert or privity with them from direct and/or indirect infringement of the patents-in-suit pursuant to 35 U.S.C. § 283;

E.    A judgment and order requiring T-Mobile to pay Plaintiffs pre-judgment and post-judgment interest on the damages awarded;

F.    A judgment and order finding this to be an exceptional case and requiring T-Mobile to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285; and

G.    Such other and further relief as the Court deems just and equitable.

Dated:  June 25, 2014

Respectfully submitted,

/s/ *Jeffrey R. Bragalone*
Jeffrey R. Bragalone (lead attorney)
Texas Bar No. 02855775
Patrick J. Conroy
Texas Bar No. 24012448
Justin B. Kimble
Texas Bar No. 24036909
T. William Kennedy, Jr.
Texas Bar No. 24055771
Daniel F. Olejko
Pennsylvania Bar No. 205512
**Bragalone Conroy PC**
2200 Ross Avenue
Suite 4500W
Dallas, TX 75201
Tel: (214) 785-6671
Fax: (214) 785-6680
jbragalone@bcpc-law.com
pconroy@bcpc-law.com
jkimble@bcpc-law.com
bkennedy@bcpc-law.com
dolejko@bcpc-law.com


T. John Ward Jr.
Texas Bar No. 00794818
Claire Abernathy Henry
**Ward & Smith Law Firm**
1127 Judson Road, Suite 220
Longview, TX 75601
Tel: (903) 757-6400
Fax: (903) 757.2323
jw@wsfirm.com
claire@wsfirm.com


Attorneys for Plaintiffs
**INNOVATIVE DISPLAY
TECHNOLOGIES LLC AND
DELAWARE DISPLAY GROUP LLC**